IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) ) | **COMPLAINT** |
| | ) | JURY TRIAL DEMAND |
| SPENCER GIFTS, LLC | ) ) | |
| Defendant. | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Cindy Sykes ("Sykes"), a qualified individual with a disability, who was adversely affected by such practices. As alleged with greater particularity below, Plaintiff United States Equal Employment Opportunity Commission (the "Commission") alleges that Spencer Gifts, LLC ("Defendant") failed to provide a reasonable accommodate for Sykes's disability and terminated her because of her disability, in violation of the ADA.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42

1

U.S.C.§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of North Carolina.

## PARTIES

3. Plaintiff is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, a Delaware corporation, has continuously been doing business in the State of North Carolina and the City of Hickory, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Sykes filed a charge with the Commission alleging violations of the ADA by Defendant. Defendant responded to Sykes's charge and participated in all aspects of the Commission's administrative investigation.

8. On July 17, 2018, the Commission issued a Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission

in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Determination.

10. Defendant participated in the Commission's conciliation efforts.

11. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12. On August 28, 2018, the Commission issued a Notice of Failure of Conciliation.

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

## **STATEMENT OF CLAIMS**

14. Since early 2009, Sykes worked for Defendant as the store manager of its Hickory, North Carolina store.

15. As more fully described below, from on or about December 7, 2016 through at least January 14, 2017, Defendant engaged in unlawful employment practices in violation of Title I of the ADA, 42 U.S.C. § 12112(a) and (b)(5), when it refused to provide Sykes with a reasonable accommodation for her disability (Marfan Syndrome) and terminated her employment.

16. Sykes is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Sykes has Marfan Syndrome which substantially limits the major life activities of proper function of her circulatory and cardiovascular systems.

17. In or around 2013, Sykes was diagnosed with Marfan Syndrome, a genetic disorder that affects the body's connective tissue. Connective tissue provides the strength, support and elasticity to tendons, cartilage heart valves, blood vessels and other vital parts of the

3

body. As a result of Marfan Syndrome, Sykes has or has had an irregular heartbeat and other malfunctioning of her heart, and has lost all cartilage in at least one of her knees, as well as other symptoms.

18. At all relevant times, Defendant was aware that Sykes has a physical impairment, Marfan Syndrome.

19. At all relevant times, Sykes performed the Store Manager position she held at a level that met Defendant's legitimate expectations.

20. In October 2016, Sykes was hospitalized for heart related issues and underwent heart surgery for a Type B aortic dissection, as a result of Marfan Syndrome.

21. At all relevant times, Defendant knew Sykes was hospitalized in October 2016 for heart related issues and that she underwent heart surgery.

22. On December 7, 2016, Sykes informed Defendant she required surgery on her knee, and that her anticipated recovery time was four to six weeks.

23. On or about December 7, 2016, Defendant told Sykes that she would be "processed out" (discharged) on January 14, 2017 at the time she exhausted short-term disability benefits.

24. In an effort to remain employed with Defendant, from at least December 7, 2016 through on or about January 8, 2017, Sykes requested accommodations from Defendant on at least three separate occasions. The requested accommodations would have enabled Sykes to perform the essential functions of the Store Manager position she held.

25. Specifically, Sykes requested additional leave, use of an assistive device (such as a cane, crutches or walker), light duty and/or modified duty as reasonable accommodations that would enable Sykes to perform the essential functions of her job.

4

26. On at least one occasion, Sykes also requested to be reassigned or demoted to an Assistant Manager position as an accommodation. Sykes was qualified to perform, and could physically perform, the essential functions of the Assistant Manager position.

27. Sykes underwent knee surgery on or about December 21, 2016.

28. Sykes' need for knee surgery also resulted from Marfan Syndrome.

29. Defendant was aware that Sykes' knee surgery resulted from Marfan Syndrome.

30. Defendant terminated Sykes' employment effective January 14, 2017.

31. Prior to terminating Sykes' employment, Defendant did not attempt to provide any of the accommodations requested by Sykes.

32. Prior to terminating Sykes' employment, Defendant did not consider providing any of type of accommodation to Sykes to enable her to perform the essential functions of her job.

33. Defendant failed to provide Sykes with a reasonable accommodation for, and terminated Sykes's employment because of, her disability.

34. The effect of the practices complained of above has been to deprive Sykes of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability in violation of the ADA.

35. The unlawful employment practices complained of were intentional.

36. The unlawful employment practices complained of above were done with malice and with reckless indifference to the federally protected rights of Sykes.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice that violates Title I of the ADA;

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Cindy Sykes whole, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, reinstatement of Sykes.

D. Order Defendant to make Cindy Sykes whole by providing compensation for past and future pecuniary losses;

E. Order Defendant to make Cindy Sykes whole by providing compensation for past and future nonpecuniary losses, including emotional pain, suffering, inconvenience, humiliation, loss of enjoyment of life, loss of civil rights, and other non-pecuniary losses, in amounts to be determined at trial.

F. Order Defendant to pay Cindy Sykes punitive damages for its intentional, malicious and/or reckless conduct, as described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted this 26th day of September 2018.

                                        EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

                                        JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
131 M. Street, NE
Washington, D.C. 20507

/s/ *Lynette A. Barnes*
LYNETTE A. BARNES (N.C. Bar No. 19732)
Regional Attorney

KARA GIBBON HADEN (N.C. Bar No. 26192)
Supervisory Trial Attorney

**/s/** *Katherine J. Christy*
KATHERINE J. CHRISTY (I.L. Bar No. 6282803)
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone: 704.954.6464
Facsimile: 704.954.6412
Email: katherine.christy@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**