# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:18-CV-155-KDB-DCK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )    **ORDER** |
| SPENCER GIFTS, LLC, | )<br>) |
| Defendant. | )<br>)<br>) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion To Compel Discovery Responses And Entry Upon Land And For Costs" (Document No. 28). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for disposition. Having carefully considered the motion, the record, and applicable authority, the undersigned will grant the motion.

## BACKGROUND

The United States Equal Employment Opportunity Commission ("Plaintiff" or "EEOC") initiated this action with the filing of a "Complaint" (Document No. 1) on September 26, 2018. The Complaint contends that Spencer Gifts, LLC ("Defendant" or "Spencer Gifts") failed to provide reasonable accommodations for Cindy Sykes ("Sykes") and terminated her because of her disability, in violation of the Americans with Disabilities Act of 1990, as amended ("ADA"). (Document No. 1, p. 1). Following multiple extensions of time and a stay due to a Government shutdown, "Defendant's Answer And Affirmative Defenses" (Document No. 14) was filed on February 25, 2019.

A "Pretrial Order And Case Management Plan" (Document No. 16) issued on March 22, 2019. The "…Case Management Plan" includes the following deadlines: discovery completion – December 20, 2019; Mediation – September 9, 2019; dispositive motions – January 17, 2020; and trial May 4, 2020. (Document No. 16). This case was again stayed while the parties pursued settlement between June 6, 2019 and August 8, 2019. (Document Nos. 21 and 23). On August 20, 2019, the case deadlines were revised as follows: discovery completion – February 20, 2019; dispositive motions – March 20, 2020; and trial September 21, 2020. (Document No. 26).

Plaintiff's "Motion To Compel Discovery Responses And Entry Upon Land And For Costs" (Document No. 28) was filed on September 3, 2019. Defendant's "Memorandum In Opposition To Motion To Compel…" (Document No. 30) was filed September 17, 2019; and Plaintiff's "Reply Memorandum In Support Of Motion To Compel…" (Document No. 31) was filed September 24, 2019.

The pending motion is now ripe for review and disposition.

## STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507

(1947). However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See, Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

> If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--**the court must**, after giving an opportunity to be heard, **require** the party or deponent whose conduct necessitated the motion, the party **or attorney advising that conduct**, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed.R.Civ.P. 37(a)(5)(A) (emphasis added).

## DISCUSSION

By the instant motion, Plaintiff asks the Court to compel Defendant to provide full and complete responses to Plaintiff's First Set of Interrogatories and First Requests for Production, and to permit Plaintiff entry at Defendant's Hickory Store for purposes of inspecting and videotaping the premises. (Document No. 28, p. 1). Plaintiff notes that on April 4, 2019, it issued its first discovery requests, including for "Entry Upon Land," Requests for Admission, and a notice of 30(b)(6) deposition. (Document No. 29, p. 3). Defendant contends that discovery responses were due by May 6, 2019, and that "[t]o date, Defendant has not answered any of the EEOC's discovery." Id.

Plaintiff provides a thorough and compelling history of its discovery requests and communications with Defendant's counsel. See (Document Nos. 29 and 29-1). In addition,

Plaintiff's legal arguments and cited authority in support of the motion to compel are persuasive. (Document No. 29).

Defendant's opposition notes that Defendant "does not object to the EEOC's Motion To Compel Discovery Responses as Spencer is in the process of preparing same and providing them to the EEOC." (Document No. 30, p. 1). "Spencer does dispute the motion to compel entry upon land **only to the extent** that the EEOC seeks to compel inspection within ten (10) calendar days of the date the Court decides this Motion." Id.

Spencer also disputes the requests for costs associated with the inspection of Defendant's store because it contends it never agreed to the date chosen by Plaintiff. Id. Defendant argues that an award of expenses is unjust because "[o]n August 19, Spencer's counsel notified the EEOC's counsel that the inspection would not go forward on August 21." (Document No. 30, p. 6) (citing Document No. 29-1, p. 29).

In reply, Plaintiff first asserts that it did not unilaterally select a date for the walkthrough, but requested available dates on numerous occasions before being told by Defendant's counsel to provide dates for the walkthrough and 30(b)(6) deposition and Defendant would "make those dates work." (Document No. 31, p. 1) (citing Document No. 29-1, p. 9). Plaintiff further asserts that contrary to Defendant's response, Defendant's counsel did not cancel the walkthrough on August 19, 2019. (Document No. 31, p. 2) (citing Document No. 29-1, p. 29). Plaintiff notes that the August 19 email from Defendant's counsel actually states that he will get back to Plaintiff's counsel the following morning and let her "know for sure" about access to the store, but he never did. Id.

Plaintiff's reply notes that as of September 24, 2019, it still "has not received any discovery responses from Defendant, despite the requests having been served in April 2019, and Mr. Siachos

having taken over the matter for Defendant as of August 6, 2019." (Document No. 31, p. 3). Moreover, Defendant has failed to provide any available dates for any deposition and has failed to provide its initial disclosures. Id.

The undersigned notes that Defendant does not suggest that Plaintiff has sought information that is privileged, irrelevant, or is not proportional to the needs of the case. (Document No. 30). Also, as noted above, Defendant does not object to Plaintiff's discovery requests; it only opposes the requests for sanctions.

Notably, the undersigned agrees with Plaintiff's interpretation of Defendant's counsel's email on August 19, 2019, and finds that Mr. Siachos' contention that he notified Plaintiff's counsel "that the inspection would not forward on August 21" mischaracterizes his correspondence. In full, the disputed email states:

> Katie, we are having an issue getting access to the mall and store on Wednesday, as the store manager is not available. **I am trying to get a district manager there**. **If** we cannot do the inspection on Wednesday, would it be possible for you to give me two alternate dates the week of August 26? Please note that **in case we cannot go forward on Wednesday (I will know for sure tomorrow morning)**, **the delay will only be a week**. I know this would be an inconvenience and I apologize for even having to bring it up.
>
> Also, **we are putting together discovery responses and hope to have them to you in a few days**. Finally, **I will have some dates for you for the 30(b)(6) deposition tomorrow afternoon**. Thanks for your patience as we transfer the matter to my team and get up to speed.
>
> Best, Peter

(Document No. 29-1, p. 29). Mr. Siachos' email does not state that the inspection would not go forward; therefore, it is understandable that without further communication from Defendant, Plaintiff expected the inspection to be conducted as noticed on August 21, 2019. According to

5

Plaintiff, Defendant has still failed to provide the responses or dates promised in the August 19 email.  Id.  See also (Document No. 31).

Based on the foregoing and Plaintiff's persuasive briefs, the undersigned finds that the motion to compel should be granted.  Moreover, the undersigned finds that Defendant must reimburse Plaintiff for the reasonable expenses and attorney's fees associated with preparing and filing the motion to compel and supporting documents (Document Nos. 28 and 29);  the reply brief in support of the instant motion (Document No. 31);  and Plaintiff's costs associated with the site visit on August 21, 2019.  See Fed.R.Civ.P. 37(a)(5)(A)(i)-(iii).

Defendant is respectfully advised that additional failures to participate in discovery, or to abide by the Orders and Local Rules of this Court and/or the Federal Rules of Civil Procedure, will likely lead to further sanctions against Defendant and/or Defendant's counsel.  See Fed.R.Civ.P. 37(b)(2)(A)(i)-(vi) and (d);  see also (Document No. 16, p. 11).

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion To Compel Discovery Responses And Entry Upon Land And For Costs" (Document No. 28) is **GRANTED**.  Defendant shall provide full and complete discovery responses to Plaintiff's First Set of Interrogatories and First Requests for Production of Documents on or before **October 11, 2019**.  Defendant shall provide Plaintiff access to its Hickory Store, as requested, by **October 11, 2019**.

**IT IS FURTHER ORDERED** that Defendant's counsel shall confer with Plaintiff's counsel by telephone or in person, on or before **October 15, 2019**, in a good faith attempt to arrange Defendant's payment of reasonable expenses and attorneys' fees as directed herein.  If counsel for the parties are unable to resolve the issue of expenses and fees without further Court intervention, Plaintiff's counsel may file a motion with appropriate supporting documentation that seeks such relief on or before **October 21, 2019**.

**SO ORDERED**.

Signed: September 27, 2019

David C. Keesler
United States Magistrate Judge