# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:18-CV-155-KDB-DCK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) **ORDER** ) |
| SPENCER GIFTS, LLC, | ) ) |
| Defendant. | ) ) |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff EEOC's Second Motion To Compel Discovery Responses" (Document No. 39). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for disposition. Having carefully considered the motion, the record, and applicable authority, the undersigned will grant the motion.

## BACKGROUND

The United States Equal Employment Opportunity Commission ("Plaintiff" or "EEOC") initiated this action with the filing of a "Complaint" (Document No. 1) on September 26, 2018. The Complaint contends that Spencer Gifts, LLC ("Defendant" or "Spencer Gifts") failed to provide reasonable accommodations for Cindy Sykes ("Sykes") and terminated her because of her disability, in violation of the Americans with Disabilities Act of 1990, as amended ("ADA"). (Document No. 1, p. 1). Following multiple extensions of time and a stay due to a Government shutdown, "Defendant's Answer And Affirmative Defenses" (Document No. 14) was filed on February 25, 2019.

A "Pretrial Order And Case Management Plan" (Document No. 16) issued on March 22, 2019. The "…Case Management Plan" includes the following deadlines: discovery completion – December 20, 2019; Mediation – September 9, 2019; dispositive motions – January 17, 2020; and trial May 4, 2020. (Document No. 16). This case was again stayed while the parties pursued settlement between June 6, 2019 and August 8, 2019. (Document Nos. 21 and 23). On August 20, 2019, the case deadlines were revised as follows: Rule 26 disclosures – September 6, 2019; discovery completion – February 20, 2020; dispositive motions – March 20, 2020; and trial September 21, 2020. (Document No. 26).

Plaintiff's "Motion To Compel Discovery Responses And Entry Upon Land And For Costs" (Document No. 28) was filed on September 3, 2019. The undersigned issued an "Order" (Document No. 32) granting the first motion to compel on September 27, 2019. The undersigned further directed that:

> Defendant must reimburse Plaintiff for the reasonable expenses and attorney's fees associated with preparing and filing the motion to compel and supporting documents (Document Nos. 28 and 29); the reply brief in support of the instant motion (Document No. 31); and Plaintiff's costs associated with the site visit on August 21, 2019. See Fed.R.Civ.P. 37(a)(5)(A)(i)-(iii).
>
> Defendant is respectfully advised that additional failures to participate in discovery, or to abide by the Orders and Local Rules of this Court and/or the Federal Rules of Civil Procedure, will likely lead to further sanctions against Defendant and/or Defendant's counsel. See Fed.R.Civ.P. 37(b)(2)(A)(i)-(vi) and (d); see also (Document No. 16, p. 11).

(Document No. 32, p. 6).

Subsequently, Plaintiff had to file a "Motion For Costs" (Document No. 33) and a "Renewed Motion For Previously Ordered Attorney's Fees And Costs" (Document 36) before

Defendant agreed to pay the Court-ordered fees and costs on November 13, 2019. See (Document No. 41).

Now pending is "Plaintiff EEOC's Second Motion To Compel Discovery Responses" (Document No. 39) filed on November 13, 2019. The pending motion is now ripe for review and disposition. See (Document Nos. 40, 42, and 43).

## STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See, Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

> If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--**the court must**, after giving

> an opportunity to be heard, **require** the party or deponent whose conduct necessitated the motion, the party **or attorney advising that conduct**, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed.R.Civ.P. 37(a)(5)(A) (emphasis added).

## DISCUSSION

By the instant motion, Plaintiff seeks an Order compelling Defendant to

> provide full and complete responses to Plaintiff EEOC's First Set of Interrogatories to Defendant and Plaintiff EEOC's First Requests for Production to Defendant. Additionally, EEOC respectfully moves this Court to compel Defendant to produce its Initial Disclosures, provide a privilege log and verify its interrogatory responses, as required by Fed. R. Civ. P. 33(b)(5).

(Document No. 39, p. 1).

Notably, Plaintiff's first "Motion To Compel Discovery Responses…" also sought, *inter alia*, "full and complete responses to Plaintiff's First Set of Interrogatories, [and] First Requests for Production." (Document No. 28, p. 1). As noted above, the previous motion to compel was granted. (Document No. 32). The Court ordered that Defendant "shall provide full and complete discovery responses to Plaintiff's First Set of Interrogatories and First Requests for Production of Documents on or before **October 11, 2019**." (Document No. 32, p. 6); see also (Document No. 40, p. 2).

Apparently, Defendant provided some discovery responses on or about October 11, 2019, but no interrogatory verification and no Rule 26 disclosures. Plaintiff suggests the responses are still incomplete. (Document No. 40, pp. 2-3). See also Fed.R.Civ.P. 33(b)(5). Plaintiff asserts that Defendant has objected to some requests on the basis of privilege, "yet has failed to produce a privilege log." (Document No. 40, p. 9). To the extent Defendant has failed to produce Rule 26(a)(1) disclosures, such disclosures appear to be more than three (3) months overdue from the

*revised* deadline. (See Document Nos. 16 and 26). The undersigned observes that in response to objections from Defendant, Plaintiff has limited the time period of some of its interrogatories to five (5) years, from January 14, 2012 through January 14, 2017. (Document No. 40, p. 4).

In opposition, Defendant asserts that the second motion to compel should be denied, except for certain requests that it has agreed to supplement. (Document No. 42, pp. 1, 11-16). Defendant further asserts that as of November 27, 2019, it is "in the process of providing Rule 26 disclosures and the interrogatory certification." (Document No. 42, p. 1).

Plaintiff's "Reply In Support…" suggests that as of December 4, 2019, Defendant had still failed to produce Rule 26 disclosures, interrogatory verification, or any supplemental discovery. (Document No. 43, pp. 1-2). Plaintiff contends that Defendant's continuing failures to engage in the discovery process support a finding that Defendant has waived its objections. (Document No. 43, pp. 2-3).

The undersigned again finds Plaintiff's arguments persuasive. Moreover, Defendant appears to be ignoring the Court's orders. Defendant's dilatory conduct to date is unacceptable. Therefore, the undersigned will direct Defendant to immediately supplement its responses as requested by Plaintiff, with the only exception being Interrogatory No. 19 and Document Request No. 30 – to which Defendant may provide a response and documents regarding its *current* net worth. Plaintiff may request further supplementation of Interrogatory No. 19 and Request No. 30 at a later date, if necessary.

Defendant shall provide full and complete responses in a manner consistent with the Protective Order, and utilizing a privilege log if appropriate. Defendant is also directed to reimburse Plaintiff for the reasonable expenses and fees associated with filing the second motion to compel. The undersigned respectfully advises Defendant that it may be subject to additional

sanctions pursuant to Fed.R.Civ.P. 37(b)(2), especially if it continues to delay the discovery process and/or otherwise disregard the orders of this Court.

**IT IS, THEREFORE, ORDERED** that "Plaintiff EEOC's Second Motion To Compel Discovery Responses" (Document No. 39) is **GRANTED**. Defendant shall provide full and complete discovery responses to Plaintiff's First Set of Interrogatories and First Requests for Production of Documents as directed herein, as well as Rule 26 disclosures and interrogatory verification, on or before **December 23, 2019**.

**IT IS FURTHER ORDERED** that Defendant shall reimburse Plaintiff's counsel for reasonable expenses and attorney's fees related to the preparation and filing of Plaintiff's motion and supporting briefs (Document Nos. 39, 40, and 43) on or before **January 3, 2020**.

**IT IS FURTHER ORDERED** that Defendant's counsel shall provide Defendant's representative(s) with a copy of this Order by **December 13, 2019**, and advise such representative(s) of the possibility of additional sanctions pursuant to Fed.R.Civ.P. 37.

**SO ORDERED**.

Signed: December 10, 2019

David C. Keesler
United States Magistrate Judge