# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:18-CV-155-KDB-DCK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) SPENCER GIFTS, LLC, ) ) Defendant. ) ) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Second Motion For Previously Ordered Attorney's Fees And Costs" (Document No. 49) and "Plaintiff EEOC's Third Motion To Compel Discovery Responses" (Document No. 51). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and are ripe for disposition. Having carefully considered the motions, the record, and the arguments of counsel during a status telephone conference conducted February 6, 2020, the undersigned will grant the motions.

## STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507

(1947). However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See, Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

> If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--**the court must**, after giving an opportunity to be heard, **require** the party or deponent whose conduct necessitated the motion, the party **or attorney advising that conduct**, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed.R.Civ.P. 37(a)(5)(A) (emphasis added).

## DISCUSSION

The undersigned has thoroughly considered the issues raised in the pending motions by reviewing the parties' briefs and conducting a telephone status conference on February 6, 2020, as well as by reviewing the undersigned's previous Orders on these issues. See (Document Nos. 32, 44, and 45). As discussed during the telephone conference, the Court has little remaining patience for delays in this matter and/or failure to timely abide by the Court's Orders. Therefore, the Court in its discretion will grant Plaintiff's motions to compel, but allow Defendant brief extensions of time to comply as previously directed.

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Second Motion For Previously Ordered Attorney's Fees And Costs" (Document No. 49) is **GRANTED**. Defendant or Defendant's counsel shall reimburse Plaintiff's counsel for reasonable expenses and attorney's

2

fees as previously ordered and as discussed during the recent telephone conference, on or before **February 11, 2020**.

**IT IS FURTHER ORDERED** that "Plaintiff EEOC's Third Motion To Compel Discovery Responses" (Document No. 51) is **GRANTED**. Defendant shall provide full and complete discovery responses to Plaintiff's counsel, especially as it relates to requested emails, on or before **February 28, 2020**.

**IT IS FURTHER ORDERED** that deadlines in this case are revised as follows: discovery completion – **March 20, 2020** and dispositive motions – **April 3, 2020**. Further extension of these deadlines or the trial date is unlikely to be allowed.

**IT IS FURTHER ORDERED** that Defendant's counsel shall provide Defendant's representative(s) with a copy of this Order by **February 10, 2020**. Defendant's counsel shall advise such representative(s) that failure to abide by this Order will likely lead to a hearing before the Court and additional sanctions pursuant to Fed.R.Civ.P. 37.

**SO ORDERED**.

Signed: February 7, 2020

David C. Keesler
United States Magistrate Judge